William Rigler, J.
The petition in this delinquency proceeding charges the respondent juvenile with the commission of acts on November 22, 1976, which, if done by an adult would constitute the crime of criminal mischief in the third degree (Penal Law, § 145.05). The action was initiated by a civilian complaint filed with the probation department on January 27, 1977.
The respondent on March 17, 1977, served upon the probation department a subpoena duces tecum commanding the department to appear before Family Court to testify and give evidence and produce records as a witness. The probation department moved to quash the subpoena on April 15, 1977. As CPLR 2304 provides no specific time in which a motion to quash must be made, and petitioner prompty served respondent upon direction of this court, the motion to quash was timely made.
*304 As evinced in 22 NYCRR 2830.9 (Rules for Family Ct Within City of New York), 9 NYCRR 348.4 (k) (Division of Probation Rules) and new section 750 of the Family Court Act, it is clear that all reports and memoranda of the probation department are private and confidential until the dispositional phase.
While confidentiality is not absolute (Matter of Hecht, 90 Misc 2d 308 [records found subject to inquiry in legislative hearing]) "prudence and circumspection are called for” in deciding whether "overriding considerations of public interest” (Hecht, supra, pp 310, 311) mandate the breach of confidentiality. Here the respondent served a subpoena upon the Department of Probation, City of New York, demanding the complaint report made to the department, including "description of damage to property, if any, and all statements made in the course of investigation.”
Yet, there is no overwhelming need for such disclosure as a petition was served upon respondent setting forth a concise statement of time, place and nature of the delinquent acts. Respondent has adequate information to prepare his defense. More is not required in Family Court at the prehearing stage under article 7. (Matter of Santos C., 66 Misc 2d 761.)
Further, the court rejects respondent’s contention that a complaint filed with the probation department is comparable to one filed with the police department. Rather Family Court probation reports are analogous to presentencing reports. They are available for view only after findings.(CPL 390.50, subd 2; Family Ct Act, § 750.) Accordingly, rulings cited by respondent relating to police record discovery are in no way controlling. "The preliminary procedure * * * carried on under the probation services connected with the Family Court * * * does not refer to questioning by the police.” (Matter of Addison, 20 AD 2d 90, 92; see, also, Matter of Williams, 49 Misc 2d 154.)
The department of probation does not have a prosecutorial function. Therefore, no statement made during preliminary conferences may be admitted into evidence at a fact-finding hearing. (22 NYCRR 2507.4 [a] [6]; Family Ct Act § 735.) This exclusionary rule affords respondent great protection.
Indeed, a finding for respondent on this motion would set a dangerous precedent. The statutory limitation on disclosure of probation records prior to disposition is for respondent’s ben *305 efit. "Probation intake is a hallmark of the juvenile justice system.” (Matter of Charles C., 83 Misc 2d 388, 391.)
By logical extension, once probation records were made available to respondents, respondents’ confidential statements would be subject to disclosure to petitioners. Inevitably such disclosure would close the door on confidential communications.
Clearly, with predispositional disclosure, probation records would come to play a part never envisioned by the Legislature. They would take on undue weight and become the focal point of hearings, thereby overburdening the court, creating undue delay and confusing the issues.
Consequently, the statutory limitation on disclosure of probation records is a manifestation of firm public policy. The motion to quash is granted.