■ In the Matter of Jose L., a Person Alleged to Be a Juvenile Delinquent, Appellant.—Order, Family Court, Bronx County dated December 21, 1977, adjudicating appellant a juvenile delinquent on two separate petitions and placing him with the Division of Youth in a restricted placement facility for three years, with placement in a secure facility for 12 months, affirmed, without costs or disbursements. We do not find that it was an abuse of discretion warranting vacatur of the fact-finding determination for the same Judge to have presided over both fact-finding hearings. Even if the court assumed a burden it might have avoided, there is no showing here that the court could not and did not give appellant a fair trial. There is no constitutional infirmity in the fact that the trier of the fact knows of the accused's prior record. *(Spencer v State of Texas,* 385 US 554; *McGautha v California,* 402 US 183; see, also, *Irvin v Dowd,* 366 US 717.) Concur—Kupferman, J. P., Lupiano, Birns and Sullivan, JJ.; Sandler, J., dissents in part in a memorandum, as follows: This appeal pursuant to section 1112 of the New York Family Court Act is from a final order of disposition dated December 21, 1977 that adjudicated appellant a juvenile delinquent on two separate petitions and placed him with the Division for Youth in a restricted placement facility for three years, with placement in a secure facility for 12 months. This order followed two fact-finding determinations, one entered December 10, 1977, that appellant committed the acts of first degree robbery (Penal Law, § 160.15) and sodomy (Penal Law, § 130.50) and the other, entered on December 21, 1977, that appellant committed the acts of first degree sodomy (Penal Law, § 130.50) and fourth degree criminal possession of a weapon (Penal Law, § 265.01). Two issues are presented on this appeal. The first, relating to Petition No. D 3370/77, the subject of the first hearing, alleges that the petition, which charged an act of "deviate sexual intercourse", failed to specify facts supporting the conclusion that appellant committed an act that constituted the crime of sodomy. Arguably, the petition on its face may be defective. (Compare *People v Hines,* 60 AD2d 656, with *People v Gay,* 63 AD2d 590.) However, it was accompanied by two affidavits which set forth in adequate detail the specific allegations that petitioner was required to meet. Accordingly, this ground for reversal lacks merit. The second issue is more substantial. The fact-finding hearing with regard to the first petition, described above, was held on November 10, 1977. The hearing with regard to the second petition came on to be heard on November 28, 1977 before the same Judge who had presided over the first hearing. The Law Guardian requested the court to reassign the case to another Judge "in view of the fact that Your Honor has heard another case against this boy, very similar in nature to this one." The court responded: "I do not believe that I am one bit prejudiced against this boy. * * * I will not

accuse myself of being prejudiced against this boy, when as a matter of fact, I can in good conscience and before God, say that I am not prejudiced against this boy." The facts in the second hearing were quite similar to those adduced at the first hearing, not only with regard to the nature of the charge, but also as to a number of particulars. The principal distinction was that in the second hearing an alibi defense was advanced. I do not doubt for one moment the sincerity of the Trial Judge's belief that he could try the second matter without in any way being influenced by his memory of that which had been disclosed at the first hearing. Nor do the hearing minutes suggest any unfairness on his part. Nonetheless, it seems to me clear that the Judge assumed a burden that he ought not to have assumed. Normal human experience, including that of Trial Judges, teaches us that it is extremely difficult for a trier of facts to exclude from consideration other information so intimately connected with the issues presented by the evidence that he is required to evaluate. The possibility that a Judge in that situation might be so influenced in his determination notwithstanding his most conscientious efforts to exclude what he had previously learned as simply too clear to permit the second determination to stand. No juror would be permitted to sit with regard to a defendant whom he had previously judged in another criminal case. Were a comparable problem to arise in the Criminal Court with regard to an adult, I cannot envisage for a single moment that a Trial Judge would not disqualify himself on request from sitting on the second trial. Indeed, it is common practice for Judges who have presided over a jury trial to offer to disqualify themselves from presiding over a second jury trial on a separate charge involving the same defendant. The right of juveniles to a trial that is not only impartial but is clearly seen to be such is surely no less than that of an adult. (Cf. *Matter of Gault*, 387 US 1; *Matter of Winship*, 397 US 358; *Matter of Eric R.*, 34 AD2d 402, 403.) Given the adjudication on the first hearing it may well be that the result of a modification will be academic for this defendant. The issue involved, however, is not academic. It raises directly the familiar principle of equal treatment, which in my opinion was here violated. The final order of disposition of December 21, 1977 should be modified by vacating the second fact-finding determination and the disposition, and the matter should be remanded for further proceedings.