OPINION OF THE COURT
Richard D. Huttner, J.
The respondent, Luis R., stands accused of having committed two misdemeanors and a felony, to wit: unlawful imprisonment in the first degree (Penal Law, § 135.10).
By virtue of subdivision 2 of section 731 of the Family Court Act and section 712 (subd [h], par [v]) of the Family Court Act (as amended by "The Juvenile Justice Reform Amendment of 1978”, L 1978, ch 478, eff Sept. 1, 1978), the District Attorney moves this court to amend the petition by marking same "designated felony act petition” prominently on its face. It is conceded that section 712 (subd [h], par [v]) of the Family Court Act is applicable since respondent’s prior record in this court includes two prior felony findings. Furthermore, the District Attorney seeks to prosecute the case in place of the Corporation Counsel of the City of New York (Family Ct Act, § 254-a), in a special "designated felony act” part (Family Ct Act, § 117, subd [b], par [i]).*
At the outset, the court is constrained to dismiss the respondent’s contention that marking the petition as a designated felony act petition violates respondent’s right to a fair and impartial fact finder and denies him due process of law..
This court cannot agree that a Judge is incapable of rendering an impartial verdict because he is aware of a respondent’s prior record. A Judge is a professionally schooled *996 fact finder. He cannot be equated with the layman juror who may, at most, sit on a jury intermittently together with 5 or 11 peers. A Judge, however, on a daily basis, determines where truth resides. Daily, he must, under the scrutiny of counsel, abate his own feelings and emotions to assure his impartiality. Daily, he navigates alone through the fog created by the disputed issues of litigation, by silver-tongued litigants and attorneys. Daily he searches for the truth, the discovery of which is made even more difficult by counsel’s sophisticated and persuasive arguments. Our State’s highest court has held a Judge, "by reasons of his learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination * * * While a jury may sometimes be confused by the legal intricacies of deciding two questions together, a Judge will not be so disoriented.” (People v Brown, 24 NY2d 168, 172.)
In fact, in practice many juveniles are known to Judges due to prior appearances before them concerning delinquency matters. This is especially true in counties of this State where either one or two Judges preside. Remarkably, the Supreme Court of the United States has held that even a juror’s impartiality is unaffected by knowledge of a defendant’s prior criminal record provided he is admonished by the court not to take it into consideration on the question of guilt or innocence. (Spencer v Texas, 385 US 554.) Likewise in Matter of Jose L. (64 AD2d 598), the court held that in a juvenile delinquency hearing, the Judge’s awareness of a respondent’s prior record does not make a fair, impartial trial impossible. It is apparently settled law that a Trial Judge’s knowledge of a respondent’s prior criminal history does not, per se, affect that respondent’s right to a fair and impartial trial.
Another argument of constitutional dimension is made by the Law Guardian. It is contended that section 712 (subd [h], par [v]) of the Family Court Act is unconstitutional as it violates the prohibition against ex post facto laws. (US Const, art I, § 10, cl 1.) This argument, too, is devoid of merit. In Spencer v Texas (385 US 554, supra), the court stated that recidivist statutes are not violative of the prohibition against ex post facto laws. Predicate offender laws do not violate the Constitution "since they do no more than describe circumstances under which increased punishment may be imposed by a sovereignty” (People v Wilson, 13 NY2d 277, 281). The punishment is not for past crimes, but for the present one. *997 The present conviction merely triggers the statute which may result in additional punishment. (People v Starks, 78 Misc 2d 87, affd 53 AD2d 1066; People v Pray, 50 AD2d 987; People v Kelly, NYU, Feb. 9, 1979, p 15, col 1; People v Matthews, 87 Misc 2d 327.)
Remaining for consideration is respondent’s contention that section 750 of the Family Court Act is in conflict with subdivision (b) of section 117, section 254-a and subdivision 2 of section 731 of the Family Court Act. Subdivision 1 of section 750 of the Family Court Act provides: "All reports or memoranda prepared or obtained by the probation service shall be deemed confidential information * * * Such reports or memoranda shall not be furnished to the court prior to the completion of the fact-ñnding hearing and the making of the required findings.” (Emphasis added.)
The Probation Department’s reports and memoranda must contain the respondent’s prior delinquency findings. (9 NYCRR 350.4 [a], [c]; General Order No. 17-77, Probation Department, City of New York, Dec. 21, 1977, §§ 200.04, 200.08.)
Section 750 of the Family Court Act specifically prohibits the Trial Judge from being made cognizant of the respondent’s prior record. The application of subdivision 2 of section 731 and section 254-a of the Family Court Act operates to bring the respondent’s prior felony findings to the court’s attention.
When statutes are in conflict, it is the overriding legislative intent that must prevail. It is the duty of the court to harmonize conflicting provisions. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 98, subd b.) The effort must be carry out the legislative intent. It is the duty of the court to consider the statutory scheme, history and purpose and harmonize the inconsistencies in such a way as to carry out that intent. If necessary, it may disregard specific provisions inconsistent with the intent. (Matter of Hogan v Culkin, 18 NY2d 330, 335.) I am of the opinion that the legislative intent of each statute can be harmonized without disrupting the legislative intent of either enactment.
The legislative intent in marking a petition "designated felony act” is succinctly stated in Matter of Francis L. and Matter of Juan B. (D-2701/78; D-2891/78; Family Ct, Queens County, Dec. 8, 1978, Linakis, J.). The issue before that court was exactly the same as here. The Honorable York a Linakis stated: "To prominently mark to [sic] petition 'Designated *998 Felony’ (as per § 731 (2)), and to have District Attorney prosecute the petition (as per § 254-a of F.C.A.) and to have the proceeding prosecuted in a 'Designated Felony’ part (as per F.C.A. § 117 (b) (i)) reflects a legislative intent and design incorporating two fundamental and compelling interests of the State * * * (1) to protect the community from further crimes by juveniles who repeatedly commit felony offenses; (2) to protect, shelter and give greater attention to the children who, as a consequence of their acts, demonstrate need of special treatment or care (see F.C.A. paragraph 711).” This court fully concurs in the brief but cogent statement as to the intent of each statute. In Matter of Robert D. (97 Misc 2d 315) the identical issues were before the court. In each case, the petitions were permitted to be marked "designated felony act petition” and they were presented by the District Attorney in special hearing parts. I dissent from these decisions of my learned colleagues.
But my dissent is not premised upon the alleged constitutional infirmities urged by respondent, for I find none to exist. Nor is it founded upon the alleged inability of a Judge to remain impartial once he has knowledge of a respondent’s prior record. Rather, my dissent is based upon the clear and overriding intent of section 750 of the Family Court Act that a Judge shall not be advised of a respondent’s record prior to the completion of the fact-finding hearing.
The delinquency hearing is a bifurcated affair, divided into a fact-finding stage and a dispositional stage (Family Ct Act, § 712, subds [f], [g]; §§ 742, 743, 746.) It is at the fact-finding stage that the court determines by evidence beyond a reasonable doubt, whether the petition’s allegations have been sustained. (Family Ct Act, § 744.) At the dispositional hearing, the issues of treatment, confinement and supervision, or dismissal of the petition are considered. (Family Ct Act, § 712, subd [g]; Matter of Edwin R., 67 Misc 2d 452.)
Beyond cavil, the respondent’s prior record becomes an essential ingredient and must be considered by the court at a dispositional hearing in order to determine what disposition is in the respondent’s and society’s best interests. (Family Ct Act, §§ 711, 750, subds 3, 4; § 753-a.) The respondent herein does not dispute this.
There is no legitimate interest of the State served by spreading a respondent’s record before the court prior to a *999 fact-finding hearing. Simply stated, it is immaterial to the fact-finding process and can only cause mischief by needlessly calling into question the impartiality and integrity of the court. As I have stated, as have the highest court of this State and Nation, unquestionably a Judge possesses the capacity to rule dispassionately notwithstanding knowledge of a respondent’s prior record. However, since awareness of this respondent’s prior record serves no utilitarian or productive purpose until the dispositional stage, does it not simply make better sense to exclude any reference to it so even the appearance of prejudice is avoided?
It is to this issue that section 750 of the Family Court Act addresses itself. An excellent discussion of section 750 of the Family Court Act is contained in Matter of James H. (41 AD2d 667). Here, the court discussed the purpose of section 746 of the Family Court Act (the predecessor statute to Family Ct Act, § 750). The court recognized that a Judge, aware of a respondent’s prior record may not, in fact, be prejudice by that knowledge. The court was concerned, rather, with assuring that even the appearance of prejudice (emphasis added) be avoided. A unanimous court in admonishing tones stated: "It is thus the clear policy of the law that the probation service should not communicate reports to the court concerning the alleged delinquent until the fact-ñnding hearing is completed. Any practice tending to weaken that policy should not be encouraged.” (Matter of James H., supra, p 667; emphasis added.) The importance of assuring that even the appearance of prejudice be avoided is exemplified in Matter of Murchison (349 US 133). The court declared (p 136): "Such a stringent rule may some times bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best 'justice must satisfy the appearance of justice.’ ” (Citing Offutt v United States, 348 US 11, 14; see, also, Code of Judicial Conduct, canons 2, 3, subd A, par [4]; 3, subd C, par [1].) Matter of James H. (supra) and the instant case can be distinguished from Matter of Jose L. (64 AD2d 598, supra), cited by the District Attorney. The Jose L. (supra) court held that if a Judge fortuitously knows of an alleged delinquent’s prior findings, it is perfectly permissible for that Judge to hear the case notwithstanding. So long as the court can do so without prejudice, there exists no constitutional infirmity. An examination of the decision fails to dis *1000 close any consideration by the court of section 750 of the Family Court Act.
The sanctity of section 750 of the Family Court Act is further illustrated in another case where the court quashed a subpoena for disclosure of probation records prior to the dispositional phase. (Matter of Michael M., 90 Misc 2d 303.)
Applying the rule of statutory construction contained in McKinney’s Consolidated Laws of New York (Statutes, § 98, subd b), Family Court Act (§ 117, subd [b]; §§ 254-a, 712, subd [h], par [v]; § 731, subd 2; § 750) can be harmonized while still retaining the legislative intent of each statute.
Bearing the foregoing in mind, the court construes subdivision 2 of section 731 of the Family Court Act in accordance with the overriding legislative intent of section 750 of the Family Court Act, and directs that the term "designated felony act petition” be prominently marked on petitions alleging designated felony acts in accordance with section 712 (subd [h], par [v]) of the Family Court Act only after a fact-finding hearing establishes that the respondent committed the alleged felony act.
In interpreting any statute the court must consider the general spirit and purpose underlying its enactment and that construction is to be preferred which furthers the object, spirit and purpose of the statute (McKinney’s Cons Laws of NY, Book 1, Statutes, § 96). The spirit and purpose of marking the petition "designated felony act” is to allow the court at the dispositional phase to be apprised of the prior acts of the respondent. This is the manifest and dominant purpose of subdivision 2 of section 731 of the Family Court Act when read in conjunction with section 750 of the Family Court Act. To permit a Judge during fact finding to know respondent’s prior record serves no purpose whatsoever. Indeed only the appearance of prejudice can result, a result which must be strenuously avoided (Matter of James H., 41 AD2d 667, supra). The letter of a statute need not be slavishly followed if it leads to consequences irreconcilable with its spirit. (Matter of Kiley v Kennedy, 16 Misc 2d 969; People v Schuster, 83 Misc 2d 871.)
With regard to hearing section 712 (subd [h], par [v]) of the Family Court Act matters in a special part, as aforestated, subdivision (b) of section 117 of the Family Court Act does not so direct. Therefore, the court need not direct the hearing to take place in a regular hearing part since there is no author *1001 ity to the contrary mandating it be held in the special hearing part contemplated by subdivision (b) of section 117 of the Family Court Act. Pursuant to the authority of section 254 of the Family Court Act, I request the Corporation Counsel to present this case so as not to alert the Trial Judge that the matter before him is a section 712 (subd [h], par [v]) matter. This request furthers the purposes of the act in that the appearance of prejudice will not exist during the fact-finding hearing by assuring the Judge will be unaware of respondent’s prior record.
The respondent’s attorney and the Probation Department shall be furnished with a petition marked designated felony prior to fact finding so that adequate notice of the charges are known to the Law Guardian and probation. The court’s copy shall not contain the afore-mentioned marking.
After fact finding, should the respondent be found to have committed a felony act, the court on motion of the Corporation Counsel and/or the Probation Department shall direct that the petition be marked "designated felony act petition” prominently on its face and the District Attorney, if he is desirous of doing so, may present the case at the dispositional hearing in Part IV, the Special Part for hearing designated felonies.
The foregoing decision constitutes the orders of this court. The fact-finding hearing is adjourned for April 30, 1979, Part II.

 Interestingly, this section was not amended to include the additional acts made designated felonies by section 712 (subd [h], par [v]) of the Family Court Act.