OPINION OF THE COURT
Donald J. Corbett, Jr., J.
This is a designated felony petition, wherein petitioner alleges respondent committed an act, which if he were an adult, would constitute the crime of rape in the first degree, in violation of section 130.35 of the Penal Law of the State of New York. Respondent moves this court to dismiss the petition alleging a designated felony on the grounds that the Family Court lacks subject matter jurisdiction. The respondent is 15 years of age.
When the respondent was first apprehended by the police, he was arraigned before a local Magistrate’s court, and the *321 matter was submitted to the Grand Jury. The Grand Jury voted an indictment for rape in the first degree and at the same time also directed the matter be removed to the Family Court. The Family Court denied jurisdiction and returned the proceedings to the County Court, on the grounds that the Grand Jury had no authority to indict a person under the age of 16 years for an act for which he is criminally responsible, and at the same time transferred the indictment to the Family Court for further proceedings. The Family Court, upon the receipt of the "order of removal”, refused to accept jurisdiction pursuant to subdivision (h) of section 712 of the Family Court Act and CPL 725.05.
The District Attorney then resubmitted the same factual information to the same Grand Jury, and the respondent was indicted for rape in the first degree, and the matter was transferred to the criminal court for further proceedings. Upon arraignment in the criminal court, the respondent commenced a proceeding pursuant to CPLR article 78 in the Appellate Division, Fourth Department. While the article 78 proceeding was pending, the petitioner and the respondent entered into a stipulated order in the criminal court, by which the criminal court dismissed the indictment with leave to file a petition in the Family Court.
The petitioner thereupon filed the within petition in the Family Court, and the respondent made the within motion to dismiss.
This court has reviewed the order of dismissal of the Supreme Court, which states: "The District Attorney having stated to this court that the defendant is fifteen (15) years old and has no prior criminal record and he is believed to be suffering from a mental disease or a mental defect that caused him to commit the acts; it is further believed that it is best that the matter be commenced in Family Court, Monroe County, and having stated that he believed it for the best interests of the people that the said indictment be dismissed, with leave to petition to Family Court”, and the order continues: "ordered, that the said indictment be, and the same hereby is dismissed, that leave to file the matter in the Monroe County Family Court be granted”. It is the position of the petitioner that the above order constitutes an order of removal pursuant to CPL 725.05.
There is no question but that the criminal matter pending in the adult criminal court has been dismissed, pursuant to *322 the stipulation of the District Attorney and the attorney for the respondent. The question if the order of dismissal constitutes an order of removal pursuant to CPL 725.05 is before this court, and this court finds that said order of dismissal is not an order of removal. An order of removal must comply strictly with provisions of CPL 725.05. It must specify the section pursuant to which the removal is authorized; it must specify the act or acts it found reasonable cause to believe the defendant did; it must specify the act or acts it found reasonable cause to allege; it must specify the act or acts for which a plea or verdict of guilty was rendered or accepted and entered; and that all pleadings and proceedings, including the minutes of any hearing inquiry or Grand Jury proceedings be filed with the Family Court.
There is no question the order of the Supreme Court Judge is not an order of removal, but is an order of dismissal of the indictment in the adult system. The order of dismissal merely grants to the petitioner the right which he has always had, that is, to file a petition in the Family Court.
However, to file a petition directly in the Family Court, without a valid order of removal, means that the petitioner must file a petition for which the respondent in this instant action would not be criminally responsible. The respondent is criminally responsible for the act of rape, first degree, and, accordingly, a petition alleging the violation of section 130.35, rape in the first degree, is not sufficient in the Family Court, it having been dismissed by the adult system. If the petitioner wishes, he may feel free to file a petition in the Family Court for which act or acts the respondent alleged to have committed would not be criminally responsible for.
The District Attorney, and the respondent, entered into the stipulation in the criminal court dismissing the indictment, and withdrawing the appeal then pending. There can be no question that all sides were aware and understood that the order of dismissal was not an order of removal pursuant to the CPL.
Accordingly, the motion of the respondent is granted, and the petition is dismissed for failure of subject matter jurisdiction in the Family Court.