OPINION OF THE COURT
Elrich A. Eastman, J.
This is an oral motion by the Law Guardian to dismiss this petition on the ground that it violates the mandate of section 750 of the Family Court Act and is contrary to the court’s administrative policy for processing such petitions (see Administrative Memorandum, Aug. 10, 1978) in that it is marked on its face "Designated Felony Act Petition” pursuant to section 712 (subd [h], par [v]) of the Family Court Act. Moreover, it is contended that the District Attorney seeks to prosecute the *1095 case instead of the Corporation Counsel. (Family Ct Act, § 254, subd [a].)
At issue is the impact of sections 712 (subd [h], par [v]) and 254 (subd [a]) of the Family Court Act, upon the mandate of subdivision 1 of section 750 of the Family Court Act restricting disclosure of confidential information contained in probation files prior to completion of the fact-finding hearing.
Clearly, such designations do not violate the constitutional guarantee of due process in juvenile proceedings. Ample case law supports this view (see, e.g., Spencer v Texas, 385 US 554). Moreover, no constitutional infirmity exists by reason of the Trial Judge’s knowledge of a respondent’s prior criminal history. (People v Brown, 24 NY2d 168; Matter of Jose L., 64 AD2d 598.)
As to the effect of subdivision 2 of section 731 of the Family Court Act and subdivision (a) of section 254 of the Family Court Act upon section 750 of the Family Court Act, there is general disagreement among the cases. In the case of Matter of Luis R. (98 Mise 2d 994), the court found that the restriction of section 750 of the Family Court Act was operable at the fact-finding stage of a proceeding under subdivision (h) of section 712, and the designation under subdivision 2 of section 731 of the Family Court Act was inapposite. There, they considered such a designation as operative only at the dispositional stage of the proceeding.
However, in Matter of Frances L. and Matter of Juan B., decided by the Family Court, Queens County, on December 8, 1978, and in Matter of Robert D. (97 Mise 2d 315), decided on September 29, 1978, in the Family Court, New York County, the court found otherwise. In each instance the designations pursuant to section 712 (subd [h], par [v]) were upheld. Judge Holt Meyer, in Matter of Robert D. (supra, p 317) observed: "Subdivision 1 of section 750 of the Family Court Act is not intended, however, to exclude evidence of past findings, per se, but to prevent the fact finder from considering incompetent evidence of a juvenile respondent’s history and background, which is admissible at dispositional hearings, but not at fact-finding [cites omitted]. It is this wide range of hearsay material contained in the probation file that is the subject of the exclusionary rule of subdivision 1 of section 750 of the Family Court Act.”
This court concurs with the foregoing analysis and further views the failure to make the designation required under *1096 subdivision 2 of section 731 of the Family Court Act in the instant of proceedings instituted under section 712 (subd [h], par [v]) of the Family Court Act as affording an unfair advantage to respondents who choose not to testify over those respondents who exercise their constitutional right to testify and are subject to impeachment by reason of prior felony findings. This is, in fact, a denial of equal protection.
Since these cases (Matter of Frances L., Matter of Juan B., and Matter of Robert D., supra) are substantive determinations subsequent to the procedural Administrative Memorandum of August 30, 1978, they take precedence.
Accordingly, this motion is denied and the matter is scheduled for trial.