*876 OPINION OF THE COURT
Richard D. Huttner, J.
Respondent is accused of committing an act, which if done by an adult would constitute the crime of robbery in the second degree (Penal Law, § 160.10, subd 1).
Although this specific act is not classified as a designated felony act per se (Family Ct Act, § 712, subd [h]) it is transformed into same by virtue of the fact that the respondent had a prior finding of juvenile delinquency: this finding was based upon his commission of an act which if done by an adult would have constituted the crime of robbery in the second degree. As a result, the petition is prominently marked “designated felony act.” The petition recites the authority for said marking. (Family Ct Act, § 712, subd [h], par [v].)
Because the act alleged in this petition is not a specifically classified designated felony, but is considered as such only due to the prior finding, it will be axiomatic to the Judge hearing this case that respondent has had a prior adjudication of juvenile delinquency. Such knowledge of a respondent’s prior record is clearly prohibited by subdivision 1 of section 750 of the Family Court Act.
In addition to the foregoing, the petition will be presented for trial by the District Attorney and not by the Corporation Counsel, as is usual in juvenile delinquency matters. (Family Ct Act, § 254-a, subd 1.) Furthermore, it is requested by the District Attorney that the matter be tried in the special designated felony part and not in a regular all purpose hearing part pursuant to subdivision (b) of section 117 of the Family Court Act.
Quite obviously, any one of the foregoing factors will alert the Judge at fact finding that the respondent has had a prior finding(s).
This same situation existed in Matter of Luis R. (98 Misc 2d 994). Adopting the same reasoning as contained therein, the court directs the following:
1. All markings contained on the petition and all references to the act alleged therein as a designated felony, are stricken from the petition before the fact-finding Judge. The copy of the petition served on respondent shall retain all such markings in order to comply with subdivision 2 of section 731 of the Family Court Act.
2. The District Attorney is relieved. The Corporation Coun *877 sel is substituted for purposes of presenting the petition at fact finding (Family Ct Act, § 254, subd [a].)
3. The fact-finding hearing shall take place in a regular all purpose hearing part and not in Part 4, since there is no statutory authority for hearing the matter in Part 4. (Family Ct Act, § 117, subd [b].)
4. In the event a finding is made against respondent, all markings and allegations indicating the act is a designated felony will be reinserted on the petition. This will assure that the court sitting at the dispositional hearing is fully aware of the current charges as well as respondent’s predicate finding. The District Attorney may present the petition at the dispositional hearing, should he and the Corporation Counsel deem it appropriate.
At arraignment, both the District Attorney and the Corporation Counsel objected to the mandated substitution of attorneys. The argument raised was that the court exceeded its authority, since it was argued the District Attorney must present the petition by virtue of subdivision 1 of section 254-a of the Family Court Act.
The issue is whether the enactment of subdivision 1 of section 254-a of the Family Court Act pre-empts the court from exercising its discretion to order the Corporation Counsel to present the petition pursuant to subdivision (a) of section 254 of the Family Court Act. I think not.
Subdivision (a) of section 254 of the Family Court Act permits the court to "request the appropriate corporation counsel or county attorney to present the case in support of the petition, when in the opinion of the family court or appellate division such representation will serve the purposes of the act”. (Emphasis added.) An inquiry as to what are the "purposes of the act” is required.
Section 711 of the Family Court Act defines, inter alla, the purpose of article 7 of the Family Court Act. That purpose is simply "to provide a due process of law (a) for considering a claim that a person is a juvenile delinquent”. In an effort to carry out this purpose, various sections, including section 750 of the Family Court Act, were enacted. It is clear that it was the perception of the Legislature in enacting section 750 of the Family Court Act, that one assurance of affording due process to a respondent is that a Judge at fact finding not be cognizant of a juvenile respondent’s prior findings. Subdivision 1 of section 750 of the Family Court Act clearly requires that *878 the reports and memoranda prepared and obtained by the probation service shall be deemed confidential information. It states, "Such reports or memoranda shall not be furnished to the court prior to the completion of the fact-ñnding hearing and the making of the required findings.” (Emphasis added.)
Any practice tending to weaken this policy should not be encouraged. (Matter of James H., 41 AD2d 667.)
To permit the District Attorney to present the petition, thereby alerting the Trial Judge to respondent’s prior finding, is a clear erosion of the letter and intent of subdivision 1 of section 750 of the Family Court Act, and therefore contrary to the purposes of the act. It is in just such a situation that the Family Court Judge is empowered to exercise the discretion reposed in him by virtue of the authority of subdivision (a) of section 254 of the Family Court Act.
As the court stated in Matter of Luis R. (98 Misc 2d 994, 998-999, supra): "There is no legitimate interest of the State served by spreading a respondent’s record before the court prior to a fact-finding hearing. Simply stated, it is immaterial to the fact-finding process and can only cause mischief by needlessly calling into question the impartiality and integrity of the court * * * However, since awareness of this respondent’s prior record serves no utilitarian or productive purpose until the dispositional stage, does it not simply make better sense to exclude any reference to it so that even the appearance of prejudice is avoided?”
The effect of subdivision 1 of section 254-a of the Family Court Act is simply to permit the District Attorney to substitute for the Corporation Counsel in the presentation of petitions in which a designated felony act has been alleged, if they have so agreed. If no need for the exercise of judicial discretion is warranted under subdivision (a) of section 254 of the Family Court Act, then such an agreement may be honored.
Such an agreement binds the parties, not the court. It does not usurp the court’s discretionary power granted by subdivision (a) of section 254 of the Family Court Act. If that was the intendment, the Legislature would have drafted the statutes accordingly. Their failure to do so cannot be blamed on legislative oversight since both statutes were before the Legislature for amendments in 1978. It would have been a simple matter to amend subdivision (a) of section 254 of the Family Court Act by merely limiting the court’s prerogatives con *879 tained therein, and excepting the. court’s appointment of Corporation Counsel on matters where an agreement pursuant to subdivision 1 of section 254-a of the Family Court Act exists.
Accordingly, I hold that subdivision (a) of section 254 and subdivision 1 of section 254-a of the Family Court Act are mutually exclusive. The court retains the discretionary power granted by subdivision (a) of section 254 of the Family Court Act to relieve the District Attorney from presenting a designated felony act petition and directing the Corporation Counsel to proceed in his place and stead when it will serve the purpose of the act. An agreement between the Corporation Counsel and the District Attorney pursuant to subdivision 1 of section 254-a of the Family Court Act does not divest the court of its discretion.