OPINION OF THE COURT
Elrich A. Eastman, J.
This motion addresses an issue of first impression as it relates to the sufficiency of the order of removal where CPL 180.75 (subd 6, pars [a], [b]) is not complied with by criminal court. The movant contends that such failure renders the order jurisdictionally defective in the Family Court. On the other hand, the opposition insists that this section is not a jurisdictional requirement sufficient to allow this court to deny jurisdiction under section 731 of the Family Court Act.
Initially, distinction must be made between orders of removal which fail to comply with the due process provisions of CPL 725.05 in that they fail to give notice of the specific acts charged as illustrated by Matter of Kenneth C. *74 (NYLJ, Aug. 6, 1982, p 16, col 2) and Matter of Isaac W. (89 AD2d 831), thus impugning the sufficiency of the “petition” as defined in' subdivision 3 of section 731 of the Family Court Act and, those where the procedural mandate of the CPL is not complied with by the criminal court Judge.
Jurisdiction of an action removed from the criminal court is acquired by the Family Court where an order of removal is issued in conformity with the provisions of CPL 725.05. Stated therein are the items in remarkable detail upon which such an order must be predicated. Upon compliance therewith, the filing of said order together with the pleadings and proceedings institutes the petition. Thereupon, a proceeding to adjudicate a person a juvenile delinquent is commenced and jurisdiction must be assumed by the Family Court. Thereafter the petition is subject to such customary challenges as any petition originating in Family Court except the order of removal. This reservation preserves this order as an order of the criminal court. Joseph W. Bellacosa in the Practice Commentary to CPL 725.10 notes: “A very disturbing aspect, however, is the exception of the order of removal from this application, leaving it in somewhat a state of limbo as a criminal court order with respect to which appealability, being totally statutory, is very questionable. Clarification of this area will undoubtedly be necessary by mandatory legislation or by the dictates of litigation, resolved in the appellate courts.” (McKinney’s Cons Laws of NY, Book 11A, 1981-1982 Pocket Part.)
Thus, it would seem that the CPL standards for the guidance of criminal court Judges in entering orders of removal are not within the province of this court to review; CPL 180.75 (subd 6) and 210.43 are procedural directives to the criminal court Judge or the court initiating the transfer upon which to predicate its order. This court has no authority to inquire into the propriety of such a removal order which is on its face valid and gives notice of the acts or charges as set forth in CPL 725.05. Moreover, by terminating the proceeding in the criminal court upon the filing of the order of removal in criminal court, as set forth in CPL 725.10 there can be no further proceedings in the *75 criminal court with respect to said order or the underlying offenses. Thus, no review of a defective order is provided for since the Family Court’s power to inquire ceases with the compliance required under CPL 725.05 except as such inquiry would pertain to any petition filed in Family Court. This statutory anomaly warrants legislative attention. For indeed, the noncompliance of a criminal court Judge with the mandate of CPL 180.75 (subd 6) or 210.43 would be unassailable except by a dubious appeal.
In Matter of Steven L. (101 Misc 2d 320, 322) the Family Court, Monroe County, stated: “An order of removal must comply strictly with the provisions of CPL 725.05. It must specify the section pursuant to which the removal is authorized; it must specify the act or acts it found reasonable cause to believe the defendant did; it must specify the act or acts it found reasonable cause to allege; it must specify the act or acts for which a plea or verdict of guilty was rendered or accepted and entered; and that all pleadings and proceedings, including the minutes of any hearing inquiry or Grand Jury proceedings be filed with the Family Court.”
The order in this case meets the statutory mandate, albeit its predicate is faulty. Nowhere in either the CPL or the Family Court Act is provision made for review of the order of removal.
Furthermore, the failure of compliance with the procedural mandates by a criminal court Judge does not jeopardize the respondent’s constitutional rights nor inhibit his defense in any form. Fundamental fairness in the application of criminal court rules to juveniles does not entail enforcement of every CPL rule to juvenile proceedings.
Accordingly, the motion to dismiss the “petition” for lack of jurisdiction is denied.