OPINION OF THE COURT
Guy P. DePhillips, J.
In the instant proceeding respondent is charged with acts which if committed by an adult would constitute attempted rape in the first degree (Penal Law §§ 110.00,130.35 [1], [3]), sodomy in the first degree (Penal Law § 130.50 [1], [3]), sexual abuse in the first degree (Penal Law § 130.65 [1], [3]), and attempted sexual abuse in the first degree (Penal Law §§ 110.00,130.65 [1], [3]). The counts of sodomy in the first degree charge a designated felony act (Family Ct Act § 301.2 [8]). The presentment agency bringing the petition is the Corporation Counsel of the City of New York. Respondent’s motion seeking, inter alla, dismissal of the petition pursuant to Family Court Act § 315.2 in furtherance of justice (“Clayton” motion) is, in essence, a motion to dismiss on the jurisdictional ground that petitioner is not the authorized presentment agency and has no standing to present a “designated felony act” delinquency petition. The Corporation Counsel cross-moves for leave to present the instant petition alleging a *172 “Designated Felony Act” and to have the petition so designated as a “Designated Felony Act Petition”.
It is not disputed that the District Attorney’s office interviewed the six-year-old complainant and determined not to file a petition against the respondent. Corporation Counsel subsequently determined to file this petition, although aware of the prior determination not to file. According to Corporation Counsel, “it would violate the basic principles of the Family Court Act and the designated felony statute to hold that a discretionary decision made by the District Attorney during the pre-drafting stage ultimately binds the Corporation Counsel when reviewing the evidence.” The issue presented is whether the Corporation Counsel may exercise discretion to present a designated felony act petition after the District Attorney has expressed discretion not to present such petition.
“Presentment agency” is defined as “the agency or authority which pursuant to section two hundred fifty-four or two hundred fifty-four-a is responsible for presenting a juvenile delinquency petition” (Family Ct Act § 301.2 [12]). Family Court Act § 254-a (1) discloses that where the Corporation Counsel of the City of New York and the District Attorney of any county in such city have entered into an agreement whereby it is agreed that the District Attorney present cases in support of petitions in which a designated felony act is alleged, “the district attorney shall present the case” (emphasis supplied). It is undisputed that such agreement has been entered into by the Corporation Counsel of the City of New York and the District Attorney of Kings County. The declaration of which law officer — the Corporation Counsel or the District Attorney — is the appropriate presenter is echoed in subdivision (2) of Family Court Act § 254-a. Said subdivision states: “Where such agreement has been entered into, in the case of a respondent who is alleged to have done two or more acts which, if done by an adult, would constitute joinable offenses pursuant to subdivision two of section 200.20 of the criminal procedure law, the district attorney shall present the juvenile delinquency petition with respect to all such acts, notwithstanding less than all of such acts constitute designated felony acts” (emphasis supplied).
Comparison of Family Court Act §§ 254 and 254-a impels the conclusion that in those instances where a designated felony act is involved, albeit there are joinable nondesignated felony acts also alleged, the presentment agency shall be the District Attorney and in those instances where the act or joinable acts involve nondesignated felony act(s) the presentment agency shall be the *173 Corporation Counsel. This conclusion finds support in the memorandum of the Office of Court Administration in support of Family Court Act § 254-a wherein it is observed: “These amendments would give the district attorney in those counties where an agreement exists for the presentation of designated felony petitions, the discretion to approve petitions, and the authority to prosecute petitions which include acts not constituting designated felonies * * * By this measure, the district attorney would have the same powers as the corporation counsel * * * in presenting the case and would assist in the entire proceeding, including appeals” (1978 McKinney’s Session Laws of NY, at 1930). The distinction between the exercise of discretion in determining whether to approve petitions, i.e., whether to prosecute, and to prosecute petitions after exercising the discretion to approve such petitions is notable. Implicit in such distinction is the corollary that once the District Attorney has exercised discretion not to approve a designated felony petition, the prosecutorial discretion with respect to joinable act or acts constituting nondesignated felonies devolves on the Corporation Counsel. This follows from the simple fact that the authority of the District Attorney to prosecute nondesignated felony acts follows upon the District Attorney’s exercise of discretion to approve a designated felony act petition. In determining not to approve the filing of a petition alleging a designated felony act, the District Attorney is divested of authority to prosecute (present) a petition alleging a nondesignated felony act or acts.
Obviously the discretion to approve a designated felony act petition embraces the right to decline prosecution (cf. 1979 Opns Atty Gen 108 relating to Family Ct Act § 812 [3]; see also, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part 1, Family Ct Act § 254, pp 225-226 [1983]). In delinquency proceedings, the respondent is not charged with a crime, but with an act which if committed by an adult would constitute a crime. The lesson of the power of the District Attorney in respect of criminal prosecutions is instructive with respect to delinquency proceedings. “The exercise of [the district attorney’s] power and duty to prosecute for crimes lies within the discretion of the district attorney, and his decision to institute, or not to institute, criminal proceedings is not subject to review by the courts. A district attorney is the prosecutorial officer with the responsibility to conduct all prosecutions for crimes cognizable by the courts of the county in which he serves; he has broad discretion in determining when and in what manner to prosecute a suspected offender” (26 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 627). The *174 power to bring a designated felony act petition rests with the District Attorney. The mandate imposed by the separation of powers and responsibilities among the executive, legislative and judicial branches of government requires that the judicial branch not interfere with the executive’s discretion to institute such petition (see, Matter of Hassan v Magistrates’ Ct., 20 Misc 2d 509, app dismissed 10 AD2d 908, lv dismissed 8 NY2d 750, cert denied 364 US 844).
Similarly no authority exits whereby one law officer of the executive branch of government, to wit, Corporation Counsel of the City of New York, may substitute his discretion for the discretion of another law officer of said branch, to wit, the District Attorney, by instituting a designated felony act petition. Such discretion is vested by virtue of section 254-a and the agreement between the respective law officers solely in the District Attorney.
Case law holding that the Family Court retains authority under Family Court Act § 254 (a) to direct the Corporation Counsel to prosecute a designated felony act petition in place of the District Attorney despite the stricture of section 254-a where this will serve one of the purposes of the Family Court does not warrant a different conclusion. In those cases, the appropriate law officer — the District Attorney — determined to approve designated felony act petitions. The acts alleged in the petitions in those cases are marked “designated felony act” only because respondent had a prior finding of juvenile delinquency. To permit the petition to be marked “designated felony act” petition and to be prosecuted by the District Attorney would alert the Judge at fact finding to respondent’s prior finding(s). In order to protect the respondent’s due process right and to secure a fair trial, the court determined to permit and direct Corporation Counsel to prosecute this petition at fact finding and, assuming the fact finding resulted in a designated felony act determination, the replacing of Corporation Counsel by the District Attorney at the dispositional stage and the marking of the petition as a “designated felony act” petition (see, e.g., Matter of Samuel P., 102 Misc 2d 875; Matter of Luis R., 98 Misc 2d 994). Again, the distinction between the exercise of discretion in determining whether to approve petitions and the subsequent prosecution of those petitions is maintained. There is simply no due process or other substantive or procedural right vouchsafed a respondent in a delinquency proceeding which would justify circumventing directly or indirectly the exercise of discretion by the District Attorney not to approve a designated felony act petition.
*175 It is equally clear that having determined not to approve a “designated felony act” petition, the District Attorney may not thereby frustrate the exercise of discretion by Corporation Counsel pursuant to Family Court Act § 254 in approving a delinquency petition not containing allegations of a designated felony act arising from the same underlying conduct or transaction. The court does not speculate as to the reasons for the disparate exercise of discretion in approving petitions by the District Attorney and Corporation Counsel and assumes good faith on their part.
Accordingly, respondent’s motion to dismiss is granted as to counts 3 and 4 of the petition alleging sodomy in the first degree and is otherwise denied and petitioner Corporation Counsel’s cross motion for leave to bring such designated felony acts is denied.