OPINION OF THE COURT
Alma Cordova, J.
The issue is whether Family Court has jurisdiction to hear a designated felony act petition filed by Corporation Counsel once the District Attorney’s office has evaluated the case and declined to prosecute in criminal court.
In this designated felony act petition filed February 25, 1997, respondent is alleged to have committed acts which if committed by an adult would constitute the crimes of robbery in the first and third degrees (Penal Law § 160.15 [3]; § 160.05), grand larceny in the fourth degree (Penal Law § 155.30 [5]), petit larceny (Penal Law § 155.25), menacing in the second and third degrees (Penal Law § 120.14 [1]; § 120.15), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and unlawful possession of weapons by a person under 16 (Penal Law § 265.05). The presentment agency filing this designated felony act petition is the Corporation Counsel of the City of New York.
Respondent moves to dismiss the designated felony count of robbery in the first degree alleging that the Family Court lacks subject matter jurisdiction. Respondent, who is 14 years of age, asserts that he is charged with committing a crime for which he is criminally responsible as a juvenile offender. Accordingly, since he was never prosecuted in criminal court and there was no order removing the matter to Family Court, the Family Court lacks jurisdiction.
Presentment agency argues that although the respondent’s age coupled with the seriousness of the crime qualifies him to be prosecuted in the adult criminal justice system as a juvenile offender, nevertheless, it does not negate the Family Court’s original jurisdiction over the respondent as a "designated felon.” Presentment Agency asserts that CPL article 725 does not confer exclusive jurisdiction upon the criminal court to hear cases in which a 14 year old is alleged to have committed first degree robbery.
After reviewing the papers submitted, the relevant statutes and case law, respondent’s motion to dismiss the designated felony count of robbery in the first degree is granted.
*741 LAW AND CONCLUSIONS
Historically, the Children’s Court had exclusive jurisdiction over all children under the age of 16 charged with actions for which an adult would be criminally liable; the defense of infancy was absolute. (People v Murch, 263 NY 285 [1934].) The Family Court Act, enacted in 1962 (L 1962, ch 686), gave the Family Court exclusive original jurisdiction over proceedings concerning juvenile delinquency. (Family Ct Act § 115.) In 1978, New York enacted legislation, the Juvenile Offender Act (L 1978, ch 481), which, inter alia, lowered the age of criminal responsibility to 13 for second degree murder, and to 13, 14 and 15 for other violent felonies such as robbery in the first degree, the crime charged herein. The purpose of this legislation was to seek greater accountability for the criminal acts of children. All persons arrested under the new law were to be arraigned in the regular adult criminal courts (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 725.00, 1981-1982 Pocket Part) although there were opportunities at many steps of the proceeding for a young person to be transferred to the Family Court. (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.75, 1972-1979 Supp Pamph.) As a result of this legislation, sections to the Family Court Act, Criminal Procedure Law and Penal Law were amended or added.
Family Court Act former § 712 (a) (now Family Ct Act § 301.2 [1] ) amended the definition of "juvenile delinquent” to include: "a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a) is not criminally responsible for such conduct by reason of infancy, or (b) is the defendant in an action ordered removed from a criminal court to the family court pursuant to article seven hundred twenty-five of the criminal procedure law [emphasis added].”
The term infancy is defined in Penal Law § 30.00 (1) as a person less than 16 years of age who is not criminally responsible for said conduct except as provided in subdivision (2) . Subdivision (2) states that a person 14 years of age is criminally responsible for crimes such as robbery in the first degree (Penal Law § 160.15).
The Criminal Procedure Law added CPL 1.20 (42) (2), defining "[jjuvenile offender” as including "a person fourteen or fifteen years old who is criminally responsible for acts constituting the crimes defined in [stated sections of the Penal Law (including Penal Law § 160.15, robbery in the first degree)]” (Rodriguez v Myerson, 69 AD2d 162 [2d Dept 1979]).
*742 Penal Law § 30.00 was amended to make the "juvenile offender” criminally responsible for the acts specified in the new subdivision of CPL 1.20. (Rodriguez v Myerson, supra, at 167.)
CPL 725.10 was added to handle cases which were deemed appropriate to transfer to Family Court. This section mandates that (a) when the order of removal from the criminal court is filed with the Family Court, the Family Court must assume jurisdiction and proceed to render such judgment as the circumstances require, and (b) upon the filing of the removal order in criminal court the criminal action shall be terminated.
The Court in Matter of Vega v Bell (47 NY2d 543, 551) discussed the 1978 changes, holding that "[a]ll youngsters over a certain age who are accused of certain criminal activities are now automatically prosecuted within the adult criminal justice system unless there exist certain special circumstances warranting more lenient treatment and transfer to the Family Court * * * all juveniles accused of certain designated crimes are subject to the adult criminal system, except in those unusual cases in which treatment as a juvenile is deemed appropriate.” The Court noted that the Legislature had chosen to narrow the jurisdiction of Family Court by removing the defense of infancy from certain acts, mandating that they be prosecuted in criminal court absent compelling reasons for removal to the Family Court.
This court finds that "[b]y criminalizing certain conduct committed by persons thirteen, fourteen, and fifteen years of age, and by the creation of a detailed and specific set of procedures that govern the removal of criminal actions to the Family Court * * * the Legislature has divested the Family Court of initial jurisdiction over acts which are juvenile offenses.” (Matter of Richard S., NYLJ, July 30, 1996, at 22, col 4 [Fam Ct, NY County].)
Additionally, this court concurs with the dicta in Matter of Elizabeth R. (169 Misc 2d 58) that the Legislature has defined a juvenile delinquent as an individual not criminally responsible. Also, the Legislature has explicitly outlined in its policy that a 14 year old who commits acts defined in Penal Law § 160.15 is criminally responsible for those acts. "The Legislature’s * * * distinction * * * must be read together with its specific provisions for removal of juvenile offenses to Family Court and its specific grant of jurisdiction to Family Court once removal occurs. This statutory scheme represents a clear statement of legislative intent that, absent removal, juvenile offenses are to be heard only in a court where, upon a finding *743 of guilt, criminal responsibility can attach.” (Matter of Elizabeth R., supra, at 60; see also, Matter of Steven L., 101 Misc 2d 320 [Fam Ct, Monroe County 1979].)
Here, the District Attorney has exercised his discretion not to proceed with criminal action against the respondent. There is no removal order issued by criminal court pursuant to CPL 725.10. Therefore, the respondent cannot be a juvenile delinquent within the meaning of Family Court Act § 301.2 (1); nor can respondent be adjudicated a juvenile delinquent with respect to robbery in the first degree, Penal Law § 160.15, because he is criminally responsible for that crime. (See, Matter of Richard S., supra.)
Similarly, review of sections 254-a and 254 of the Family Court Act compels this court to the same conclusion. These sections outline the procedure for presentation of cases by the Corporation Counsel, County Attorney or District Attorney.
Family Court Act § 254-a reads as follows: "(1) The county attorney and the district attorney of a county, and the corporation counsel of the city of New York and the district attorney of any county in such city, may enter into an agreement whereby the district attorney shall present the case in support of the petition in which a designated felony act has been alleged.” (Emphasis added.)
By its terms, this section mandates the District Attorney to present a petition alleging a designated felony act if there is an agreement between the Corporation Counsel and District Attorney. (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 254-a, at 229.) It is undisputed that such arrangements are in place, with individual contracts signed between the Corporation Counsel and the District Attorney of each county. Therefore, "[i]f the district attorney reviews a case and determines that a petition should not be filed, the relevant corporation counsel * * * cannot review the case and file a 'designated felony act’ petition, in effect overruling the district attorney’s decision.” (Besharov, 1987 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 254-a, 1997 Pocket Part, at 68.)
Section 254 (a) states: "The family court * * * may request the corporation counsel of the city of New York * * * to present the case in support of the petition when * * * such presentation will serve the purpose of the act.”
This "discretion is restricted only by the statutory requirement that the presentation be in support of the purposes of the
*744 [Family Court Act].” (Margaret Ann E. v Huban F., 54 NY2d 814, 816 [1981]; Besharov, Supp Practice Commentaries, op. cit., Family Ct Act § 254, 1997 Pocket Part, at 66.) In Matter of Samuel P. (102 Misc 2d 875 [Fam Ct, Kings County 1980]) and in Matter of Luis R. (98 Misc 2d 994 [Fam Ct, NY County 1979]) the court requested the Corporation Counsel to present a designated felony case because it "served the purpose of the act”. In Samuel P. respondent was accused of committing acts that were not classified as designated felony acts per se. However, the acts were transformed into designated felony acts by virtue of the fact that the respondent had prior findings of juvenile delinquency. As a result, the petition was marked "designated felony act.” (Supra, at 876.) The court held that "[t]o permit the District Attorney to present the petition, thereby alerting the trial judge to respondent’s prior finding, is a clear erosion of the letter and intent of subdivision 1 of section 750 of the Family Court Act, and therefore contrary to the purposes of the act.” (Supra, at 878.) In Matter of Luis R. (supra, at 1001), the court held that "[a]fter fact finding, should the respondent be found to have committed a felony act, the court on motion of the Corporation Counsel and/or Probation Department shall direct that the petition be marked 'designated felony act petition’ * * * and the District Attorney * * * may present the case at the dispositional hearing”. Clearly, "the distinction between the exercise of discretion in determining whether to approve petitions and the subsequent prosecution of those petitions is maintained.” (Matter of Gregory R., 128 Misc 2d 171, 174 [Fam Ct, Kings County 1985].)
Here, Family Court did not request that Corporation Counsel file a petition pursuant to Family Court Act § 254, and there is an agreement between Corporation Counsel and the District Attorney pursuant to Family Court Act § 254-a; therefore, authority to bring forth this designated felony act petition rests with the District Attorney.
For the above-stated reasons, respondent’s motion to dismiss count one, robbery in the first degree, is granted.