■ In the Matter of JUSTIN DD., a Person Alleged to be a Juvenile Delinquent, Appellant. JUDITH M. QUIGLEY, as Assistant County Attorney of Tioga County, Respondent. [748 NYS2d 289] —Crew III, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered September 13, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In March 2001, petitioner filed a designated felony petition against respondent charging him with acts which, if committed by an adult, would constitute the crime of rape in the first degree. Petitioner previously had commenced two separate juvenile delinquency proceedings against respondent alleging acts which, if committed by an adult, would constitute the crime of sexual abuse in the first degree. A fact-finding hearing on the designated felony petition ensued, at the conclusion of which Family Court adjudicated respondent a juvenile delinquent and scheduled a dispositional hearing. Respondent thereafter moved for a new fact-finding hearing, contending that it was an abuse of discretion for the same Family Court Judge to have presided over all three delinquency proceedings. Family Court denied the motion and ordered that respondent be placed in a residential facility for a period of 18 months. Respondent's subsequent application for a stay of that order pending appeal was granted by Family Court.

The sole argument raised by respondent on appeal is that Family Court abused its discretion in presiding over the instant delinquency proceeding, given the court's involvement in the prior proceedings against him. We cannot agree. Although Family Court would have been well advised to assign the instant matter to another judge, where, as here, "there is no showing * * * that the court could not and did not give [respondent] a fair trial" (*Matter of Jose L.*, 64 AD2d 598, 598, *appeal dismissed* 48 NY2d 633, *cert denied* 444 US 1087), vacatur of the underlying order is not warranted. Stated another way, "[t]here is no constitutional infirmity in the fact that the trier of * * * fact knows of the accused's prior record" (*id.*). Accordingly, Family Court's order is affirmed.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.